ADAM McARTHUR ET ALS. v. COMMONWEALTH LAND AND
TIMBER COMPANY ET ALS.

(Filed 13 December, 1913.)

**Mortgages — Foreclosure—Equity—Creditor's Bill—Writ of Supersedeas.**

On appeal from the refusal of the Superior Court judge to
presently render a decree of foreclosure of a mortgage on which
he had entered judgment for the amount of the debt, the plaintiff moved in the Supreme Court for a writ in the nature of a
*supersedeas,* restraining the enforcement of a decree in another
pending action, in the nature of a creditor's bill, involving the
property subject to the mortgage, in which a receiver had been
appointed to take charge of the lands. *Held,* the rights of the
petitioning plaintiff are fully protected in the proceedings sought
to be restrained by him, and the motion is denied.

APPEAL by plaintiff from *Lyon, J.,* at October Term, 1913,
of CUMBERLAND.

*Shaw & MacLean for plaintiffs.*
*Winston & Biggs, Robinson & Lyon, and Cox & Cox for defendants.*

PER CURIAM. This was an action instituted in the Superior
Court of Cumberland County to foreclose a mortgage, given by
J. Sprunt Newton and wife, on a tract of land in said county,
to secure the sum of $25,000, and held by Adam McArthur, one
of the petitioners. That on verified complaint, duly signed,
there was judgment for the debt, the court declining, for reasons appearing of record, to enter a present judgment of foreclosure. From this refusal to presently decree foreclosure, the
plaintiffs appealed and moved in this Court for a writ in the
nature of a writ of *supersedeas,* restraining the enforcement of
a decree in another action pending in said county, in which a
receiver has been appointed to take charge of the lands, have
the timber thereon cut and disposed of for the benefit of the
creditors, including the plaintiffs, and the proceeds paid to said
creditors, under the order and supervision of the court.

The latter action was in the nature of a creditor's bill against
the owners of the property and others, seeking to enforce the

collection of their claims, and seems to have been instituted before any complaint was filed or other notice given in the present suit, as to the nature of or extent of plaintiff's claim.

On perusal of the record and the facts appearing in the present petition, the Court is of the opinion that as the matter now appears .the petitioners have an ample opportunity to assert their claims by making themselves parties to the creditor's bill in which the receiver has been appointed, and that they should take this course ·if they should deem it necessary to properly protect their interests.

Even when allowable, a writ of this kind is only granted in case of necessity.  The application of the writ is therefore denied.

Motion denied.